TIMOTHY COURCHAINE
United States Attorney
District of Arizona

MARCUS SHAND
Assistant United States Attorney
Pennsylvania State Bar No. 323052
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Email: Marcus.Shand@usdoj.gov
Attorneys for Plaintiff

FILED ✓        LODGED ___
RECEIVED ___    COPY ___

MAR 1 7 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>1. Barrett Weinberger, and<br>   (Counts 3 – 5, 9 – 11)<br><br>2. Laurence Gray,<br>   (Counts 1, 2, 6 – 14)<br><br>                    Defendants. | No.    CR-25-00835-PHX-DJH<br><br>**SUPERSEDING INDICTMENT**<br><br>VIO:    18 U.S.C. § 2339B<br>(Attempting to Provide Material<br>Support to a Foreign Terrorist<br>Organization)<br>Count 1<br><br>18 U.S.C. § 2339B<br>(Conspiracy to Provide Material<br>Support to a Foreign Terrorist<br>Organization)<br>Count 2<br><br>18 U.S.C. §§ 933(a)(1), 933(a)(3),<br>and 933(b)<br>(Trafficking in Firearms)<br>Counts 3, 6, 9, and 12<br><br>18 U.S.C. §§ 932(b)(1),<br>932(c)(1) and 2<br>(Straw Purchasing of Firearms, Aid<br>and Abet)<br>Counts 4, 7, 10, and 13<br><br>18 U.S.C. §§ 922(a)(6), 924(a)(2)<br>and 2<br>(Material False Statement During<br>the Purchase of a Firearm,<br>Aid and Abet)<br>Counts 5, 8, 11, and 14<br><br>18 U.S.C. §§ 924(d) and 981,<br>21 U.S.C. §§ 853 and 881; and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## COUNT 1

On or about May 31, 2025, in the District of Arizona, Defendant, LAURENCE GRAY, knowingly attempted to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), to wit: firearms, to a foreign terrorist organization, namely the Cartel de Jalisco Nueva Generacion ("CJNG") which was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act on February 20, 2025, knowing that CJNG was a designated foreign terrorist organization.

In violation of Title 18, United States Code, Section 2339B.

## COUNT 2

Beginning on or about February 22, 2025, and continuing through on or about June 11, 2025, in the District of Arizona, Defendant, LAURENCE GRAY, together with other persons known and unknown to the grand jury, did knowingly conspire and agree with each other to provide material support or resources as that term is defined in Title 18, United States Code, Section 2339A(b)(1), to wit: firearms, to foreign terrorist organizations, namely the Cartel de Jalisco Nueva Generacion ("CJNG") and Cartel de Sinaloa ("CDS"), which were designated by the Secretary of State as foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act on February 20, 2025, knowing that CJNG and CDS were designated foreign terrorist organizations and engages in and has engaged in terrorist activity.

In violation of Title 18, United States Code, Section 2339B.

## COUNT 3

On or about February 15, 2025, in the District of Arizona, Defendant, BARRETT WEINBERGER, did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm, to wit: a Colt 1911 Model MKIV, a semi-automatic pistol chambered in .38 Super, serial number AZT304, in or otherwise affecting interstate or foreign commerce, to a person, who Defendant, BARRETT WEINBERGER, knew or had

reasonable cause to believe that the person's use, carrying, or possession of the firearm would constitute a felony, to wit: United States Code, Section 922(g)(1), Felon in Possession of a Firearm, and Arizona Revised Statute (A.R.S.) § 13-3102(A)(4), Misconduct Involving Weapons.

In violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3) and 933(b).

## COUNT 4

On or about February 15, 2025, in the District of Arizona, Defendant, BARRETT WEINBERGER, aided and abetted a person, who knowingly purchased a firearm, to wit: a Colt 1911, a semi-automatic pistol chambered in .38 Super, serial number AZT304, in or otherwise affecting interstate or foreign commerce for, on behalf of, and at the request and demand of another person, knowing or having reasonable cause to believe that the other person had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 932(b)(1), 932(c)(1), and 2.

## COUNT 5

On or about February 15, 2025, in the District of Arizona, Defendant, BARRETT WEINBERGER, aided and abetted a person, who knowingly made a false statement and representation in connection with the acquisition of a firearm(s) which was intended and likely to deceive Grips by Larry, a federal firearms licensee licensed under the provisions of Chapter 44 of Title 18, United States Code, as to a fact material to the lawfulness of a sale of a firearm(s) by the business, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Grips by Larry, in that this person did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating they were the actual transferee/buyer, whereas in truth in fact, they were purchasing the firearm(s) on behalf of another person.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

**COUNT 6**

On or about February 22, 2025, in the District of Arizona, Defendant, LAURENCE GRAY, did ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm, to wit: a Colt 1911 Model MKIV, a semi-automatic pistol chambered in .38 Super, serial number 44ECB, in or otherwise affecting interstate or foreign commerce, to a person, who Defendant, LAURENCE GRAY, knew or had reasonable cause to believe that the person's use, carrying, or possession of the firearm would constitute a felony, to wit: United States Code, Section 922(g)(1), Felon in Possession of a Firearm, and Arizona Revised Statute (A.R.S.) § 13-3102(A)(4), Misconduct Involving Weapons.

In violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3) and 933(b).

**COUNT 7**

On or about February 22, 2025, in the District of Arizona, Defendant, LAURENCE GRAY, aided and abetted a person, who knowingly purchased a firearm, to wit: a Colt 1911 Model MKIV, a semi-automatic pistol chambered in .38 Super, serial number 44ECB, in or otherwise affecting interstate or foreign commerce for, on behalf of, and at the request and demand of another person, knowing or having reasonable cause to believe that the other person had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 932(b)(1), 932(c)(1), and 2.

**COUNT 8**

On or about February 22, 2025, in the District of Arizona, Defendant, LAURENCE GRAY, aided and abetted a person, who knowingly made a false statement and representation in connection with the acquisition of a firearm(s) which was intended and likely to deceive Grips by Larry, a federal firearms licensee licensed under the provisions of Chapter 44 of Title 18, United States Code, as to a fact material to the lawfulness of a sale of a firearm(s) by the business, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of

- 4 -

Grips by Larry, in that this person did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating they were the actual transferee/buyer, whereas in truth in fact, they were purchasing the firearm(s) on behalf of another person.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 9

On or about April 14, 2025, in the District of Arizona, Defendants, BARRETT WEINBERGER and LAURENCE GRAY, did ship, transport, transfer, cause to be transported, and otherwise dispose of firearms, and did conspire to do so, to wit: a Barrett Model M82A1, .50 caliber, semi-automatic rifle, serial number AA018928, an FNH M249S Para, 5.56x45mm belt-fed rifle, serial number M249SA08708, and an FNH M249S, 5.56x45mm belt-fed rifle, serial number M249SA10884, in or otherwise affecting interstate or foreign commerce, to a person, who Defendants, BARRETT WEINBERGER and LAURENCE GRAY, knew or had reasonable cause to believe that the person's use, carrying, or possession of the firearm would constitute a felony, to wit: United States Code, Section 922(g)(1), Felon in Possession of a Firearm, and Arizona Revised Statute (A.R.S.) § 13-3102(A)(4), Misconduct Involving Weapons.

In violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3), and 933(b).

## COUNT 10

On or about April 14, 2025, in the District of Arizona, Defendants, BARRETT WEINBERGER and LAURENCE GRAY, aided and abetted a person, who knowingly purchased firearms, to wit: a Barrett Model M82A1, .50 caliber, semi-automatic rifle, serial number AA018928, an FNH M249S Para, 5.56x45mm belt-fed rifle, serial number M249SA08708, and an FNH M249S, 5.56x45mm belt-fed rifle, serial number M249SA10884, in or otherwise affecting interstate or foreign commerce for, on behalf of, and at the request and demand of another person, knowing or having reasonable cause to believe that the other person had previously been convicted in any court of a crime

punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 932(b)(1), 932(c)(1), and 2.

## COUNT 11

On or about April 14, 2025, in the District of Arizona, Defendants, BARRETT WEINBERGER and LAURENCE GRAY, aided and abetted a person, who knowingly made a false statement and representation in connection with the acquisition of a firearm(s) which was intended and likely to deceive Grips by Larry, a federal firearms licensee licensed under the provisions of Chapter 44 of Title 18, United States Code, as to a fact material to the lawfulness of a sale of a firearm(s) by the business, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Grips by Larry, in that this person did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating they were the actual transferee/buyer, whereas in truth in fact, they were purchasing the firearm(s) on behalf of another person.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 12

On or about May 31, 2025, in the District of Arizona, Defendant, LAURENCE GRAY, did ship, transport, transfer, cause to be transported, and otherwise dispose of firearms, to wit: an Ohio Ordnance M-2-SLR .50 caliber rifle, and a Colt 1911 semi-automatic pistol, chambered in .38 Super, in or otherwise affecting interstate or foreign commerce, to a person, who Defendant, LAURENCE GRAY, knew or had reasonable cause to believe that the person's use, carrying, or possession of the firearm would constitute a felony, to wit: United States Code, Section 922(g)(1), Felon in Possession of a Firearm, and Arizona Revised Statute (A.R.S.) § 13-3102(A)(4), Misconduct Involving Weapons.

In violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3) and 933(b).

## COUNT 13

On or about May 31, 2025, in the District of Arizona, Defendant, LAURENCE GRAY, aided and abetted a person, who knowingly purchased firearms, to wit: an Ohio Ordnance M-2-SLR .50 caliber rifle, and a Colt 1911 semi-automatic pistol, chambered in .38 Super, in or otherwise affecting interstate or foreign commerce for, on behalf of, and at the request and demand of another person, knowing or having reasonable cause to believe that the other person had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

In violation of Title 18, United States Code, Sections 932(b)(1), 932(c)(1), and 2.

## COUNT 14

On or about May 31, 2025, in the District of Arizona, Defendant, LAURENCE GRAY, aided and abetted a person, who knowingly made a false statement and representation in connection with the acquisition of a firearm(s) which was intended and likely to deceive Grips by Larry, a federal firearms licensee licensed under the provisions of Chapter 44 of Title 18, United States Code, as to a fact material to the lawfulness of a sale of a firearm(s) by the business, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Grips by Larry, in that this person did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating they were the actual transferee/buyer, whereas in truth in fact, they were purchasing the firearm(s) on behalf of another person.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 14 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1 – 14 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in

- 7 -

(a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants are liable. If any forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

s/_____
FOREPERSON OF THE GRAND JURY
Date: March 17, 2026

TIMOTHY COURHCAINE
United States Attorney
District of Arizona


s/_____
MARCUS SHAND
Assistant U.S. Attorney

- 8 -